**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KELVIN DANIELS, individually and on behalf of all those similarly situated,**

    **Plaintiff,**

**v.**                                                                                  Case No: 8:19-cv-2612-T-35SPF

**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Motion to Transfer filed by Plaintiff Kelvin Daniels, (Dkt. 21), and the Response in opposition thereto filed by Defendant Government Employees Insurance Company ("GEICO"). (Dkt. 24) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Motion to Transfer. (Dkt. 21)

Plaintiff filed this class action against Defendant in state court concerning what it claims was GEICO's payments to total-loss insureds pursuant to its Policy's promise to pay the actual cash value of the insured vehicle in the event of a total-loss. (Dkt. 1) Plaintiff filed the instant Motion on November 26, 2019 seeking to transfer this action to the Honorable Judge Paul Byron in the Orlando Division who is currently presiding over a related case styled as <u>Jones v. Government Employees Ins. Co.</u>, 6:17-cv-891-Orl-40LRH, 2019 WL 1490703 (April 04, 2019 M.D. Fla.) ("<u>Jones</u> Action"). The <u>Jones</u> Action, which was filed on May 17, 2017, also involves a class action claim filed against GEICO, as well as an additional GEICO entity, and seeks some of the same relief sought in this case —

specifically, recovery for mandatory title and license plate transfer fees on first-party total loss auto insurance claims. See Jones Action at Docket No. 1. The Parties agree, however, that the Jones Action addresses only a subset of the claims asserted in this action.[1] (Dkts. 32, 33)

Plaintiff asserts that the first-filed rule applies in this case, and thus, this case must be transferred to Judge Byron. (Dkt. 21) The first-filed rule provides that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005); see also Collegiate Licensing Co. v. Am. Cas. Co. of Reading, 713 F.3d 71, 78 (11th Cir. 2013). Plaintiff contends that although the Jones Action does not cover all the issues asserted in the later-filed case, the cases have a common Defendant, raise overlapping issues, and "contain substantially overlapping class definitions." (Dkt. 21 at 2–5)

In its brief Response, GEICO contends that transfer under the first-filed rule is not "appropriate where, as in this case, the two subject cases are pending in the same court." (Dkt. 24) In the Reply, Plaintiff is adamant that the first filed rule extends to cases pending in the same District. (Dkt. 30)

---

[1] In this action Plaintiff seeks:

> a declaratory judgment that: (1) GEICO's use of the CCC system violates Fla. Stat. § 626.9743(5) and breaches her insurance policy, (2) the policy and the statute require GEICO to pay $79.35 in mandatory minimum "title/license fees"(a $75.25 transfer of title fee (without lien), a $2.50 registration service charge fee, a $0.50 Florida Real Time Vehicle Information System fee, a $0.10 Emergency Medical Services Trust Fund fee, and a $1.00 air pollution control fee); (3) the policy and the statute require GEICO to pay "dealer fees"; and (4) the policy and the statute do not allow GEICO to take the salvage value of a total loss claim.

(Dkt. 21 (citing Dkt. 1-1 at ¶¶ 34, 76–78)) Plaintiff "also seeks recovery of title/license and dealer fees, damages caused by GEICO's use of the CCC System, and damages caused by GEICO's taking of salvage values via three counts for breach of contract." (Id. at ¶¶ 80–92)

Local Rule 1.04(b) provides, in pertinent part, that "[i]f cases assigned to different judges are related because of either a common question of fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to transfer any related case to the judge assigned to the first-filed among the related cases." See M.D. Fla. Local Rule 1.04(b). The determination of the issue, however, is vested in the sound discretion in the Court.

The Court finds that the Motion should be denied as there are additional issues in this case not asserted in the Jones Action, which make the cases unrelated. (See e.g., Dkt. 32 at 2) Additionally, a review of the docket reveals that the parties in the Jones Action have settled their dispute and the matter has been administratively closed. Jones Action at Docket No. 201. The parties concede that the settlement in the Jones Action does not resolve all the disputes raised in this action.

Furthermore, venue is proper in Tampa pursuant to the Federal Rules of Civil Procedure and the local rules of the Middle District of Florida. See 28 U.S.C. § 1391(b); M.D. Fla. Local Rule 1.02(b)(2) ("All civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties."). Accordingly, Plaintiff's Motion to Transfer, (Dkt. 21), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of January, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person