UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KELVIN DANIELS, individually and on behalf of all those similarly situated,**

 **Plaintiff,**

**v.**                                          Case No: 8:19-cv-2612-T-35SPF

**GOVERNMENT EMPLOYEES INSURANCE COMPANY,**

 **Defendant.**

## NOTICE

**THIS CAUSE** comes before the Court *sua sponte*. The Undersigned discloses that her husband recently resolved a total loss claim in which GEICO was the insurer. Thus, it would facially appear that the Undersigned's husband is a putative class member in this action. See Guide to Judiciary Policy, Vol. 2B, Ch. 2, Advisory Opinion No. 90 ("All members of the class are parties whether named or unnamed, so long as they have not opted out of the class.")

"A judge who opts out of the class need not recuse from a class action." Code of Conduct for United States Judges, Compendium of Selected Opinions Concerning Judicial Canon 3, § 3.1-6[4](e). Further, "if a judge learns of a disqualifying financial interest in a party before expending judicial time on the case, the judge may avoid disqualification by divesting . . . herself of the interest." See Guide to Judiciary Policy, Vol. 2B, Ch. 2, Advisory Opinion No. 69. Therefore, the Undersigned and her husband hereby opt out of any class action pertaining to a total loss claim with GEICO and renounce any

potential recovery that might result from these proceedings.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of April, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person