UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESANDRA DANIELS and
CHRIS PRECIOUS, individually and
on behalf of all those similarly situated,

      Plaintiffs,

v.                                    Case No. 8:19-cv-2612-KKM-SPF

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court are Defendant's Motion for Attorneys' Fees (Doc. 73), Plaintiffs' Response in Opposition (Doc. 74) and Notice of Supplemental Authority (Doc. 77), and Defendant's Reply (Doc. 83). Defendant Government Employees Insurance Company (GEICO) asks the Court to sanction Plaintiffs' counsel under 28 U.S.C. § 1927 and the Court's inherent power for forum shopping and multiplying the proceedings.  Plaintiffs object, contending Defendant has not shown that Plaintiffs' counsel litigated in bad faith.  The undersigned recommends that Defendants' motion be denied.

I.      **Background**

Plaintiffs, a putative class of policyholders, sued GEICO in state court in September 2019 claiming the company violated Florida law and breached its own automobile insurance policies by underestimating the retail cost of Plaintiffs' vehicles when adjusting and settling their first-party motor vehicle total loss claims (Doc. 1-1).  Plaintiffs sought a judgment declaring GEICO's method of adjusting and settling total loss claims by utilizing a third-party

service, the CCC One Market Value system ("CCC system"), violates Florida law and breaches the company's policies; Florida law and GEICO's policies require it to pay title/license fees and dealer fees on total loss claims; and GEICO's policies and Florida law do not allow the insurer to take the salvage value of a total loss vehicle (*Id*.). Plaintiffs also sought to recover title/license and dealer fees, damages caused by GEICO's use of the CCC system, and damages Plaintiffs incurred when GEICO accepted salvage values for their totaled cars (*Id*.). Defendant removed the case to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (*see* Doc. 1), in October 2019 and moved to dismiss Plaintiffs' complaint the following month (Doc. 20).

On July 9, 2020 – the deadline to do so – Plaintiffs amended their complaint with GEICO's consent under Rule 15(a)(2) (*see* Docs. 42, 44, 45). Plaintiffs replaced named plaintiff Kelvin Daniels with Presandra Daniels and Chris Precious and dropped their claims for license/title fees (their claims for declaratory judgment, dealer fees, and other breach of contract damages remained) (Doc. 45). [1] Plaintiffs' amended complaint mooted GEICO's first motion to dismiss (*see* Doc. 46), prompting GEICO to file a second one directed to the amended complaint (Doc. 47).

The parties proceeded with discovery under the Court's Case Management Order (Doc. 42). In February 2021, two months before discovery closed and with GEICO's second motion to dismiss pending, Plaintiffs moved to amend their complaint a second time, seven months late (*see* Doc. 69). Plaintiffs sought to "streamline this case" by dropping their claims for damages and dealer fees and proceeding instead on one declaratory judgment count

---

[1] Presandra Daniels is Kelvin Daniels's mother and is the policyholder and vehicle owner.

regarding GEICO's use of the CCC system (*Id.* at 2).  Defendant opposed Plaintiffs' request as untimely (Doc. 70).

Then, on February 19, 2021, one week after GEICO filed its opposition to Plaintiff's second motion to amend, Plaintiffs voluntarily dismissed their case without prejudice under Rule 41(a)(1)(A)(i), which permits a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or summary judgment motion (Doc. 71).  Considering Plaintiffs' dismissal, the district judge terminated all pending motions and closed the case (Doc. 72).  GEICO's motion for sanctions against Plaintiffs' counsel under 28 U.S.C. § 1927 and the Court's inherent power (Doc. 73) followed.[2]

## II.    Discussion

GEICO alleges Plaintiffs' counsel forum shopped and that their "unreasonable, vexatious, [and] bad faith actions" have "multiplied these proceedings and [ ] unnecessarily wasted this Court's and GEICO's resources." (Doc. 73 at 2-3).[3]  Plaintiffs' counsel responds that GEICO presents no evidence of bad faith.  They stress that the threat of an adverse ruling on GEICO's pending motion to dismiss did not steer their litigation tactics; instead, once

---

[2] The Court retains the authority under both its inherent power and § 1927 to decide GEICO's sanctions motion despite that Plaintiffs dismissed their claims and the case is closed.  *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 (11th Cir. 2021); *Walker v. Lundborg*, No. 06-80221-CIV, 2006 WL 8433411, at * 2 (S.D. Fla. July 12, 2006).

[3] GEICO asks the Court to award it $580,746 in sanctions, its estimated attorneys' fees from the date of Plaintiffs' first amended complaint through dismissal (Doc. 73 at 16).  Alternatively, it requests $60,251 in sanctions, its estimated attorneys' fees from the date of Plaintiffs' proposed second amended complaint through dismissal (*Id.*).  GEICO represents that it will update its motion pursuant to Local Rule 7.01, M.D. Fla., with evidence of its fees if the Court rules it is entitled to sanctions (*Id.* at 3).

GEICO opposed their second amended complaint, Plaintiffs exercised their right under Rule 41 to voluntarily dismiss their complaint (Doc. 74).

Under 28 U.S.C. § 1927, a court may hold a lawyer personally liable for fees and costs if he or she "unreasonably and vexatiously" multiplies the proceedings. 28 U.S.C. § 1927. The statute reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id*. The Eleventh Circuit interprets the statute as imposing three essential requirements:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). Section 1927 does not apply to parties. Sanctions under § 1927 are discretionary, and the court for equitable reasons may decline to impose them. *Olson v. Reynolds*, 484 F. App'x 61, 64-65 (7th Cir. 2012).

A court may also impose sanctions for litigation misconduct under its inherent power. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). This power "is both broader and narrower than other means of imposing sanctions." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). It extends to a full range of litigation abuses and is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Miller v. Midland Credit Mgmt., Inc.*, No. 20-13390, 2021 WL 4240972, at * 2 (11th Cir. Sept. 17, 2021) (quoting *Chambers*, 501 U.S. at 43). This power "must be

exercised with restraint and discretion." *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).[4]  A court may exercise this power "to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013) (citing *Chambers*, 501 U.S. at 45-46)).

A sanctions award under either the Court's inherent power or § 1927 requires a showing that the violating party acted in bad faith.  *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020).  "In the context of inherent powers, the party moving for sanctions must show *subjective* bad faith." *Id.* (emphasis in original).  This standard can be met either (1) with direct evidence of the attorney's subjective bad faith or (2) with evidence of conduct "'so egregious that it could only be committed in bad faith.'" *Id.* (quoting *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224-25 (11th Cir. 2017)).  "The high standard of finding bad faith cannot be met in the absence of fraud on the Court, proof of forum shopping, unreasonable and vexatious multiplying of proceedings, pursuing a case barred by the statute of limitations, or purposely vexatious behavior[.]" *Absolute Activist Value Master Fund v. Devine*, No. 2:15-cv-328-FtM-29MRM, 2019 WL 3491962, at * 11 (M.D. Fla. Aug. 1, 2019), *affirmed* 826 F. App'x 876 (11th Cir. 2020).

But under § 1927, "the party moving for sanctions must show *objective* bad faith." *Hyde*, 962 F.3d at 1310 (emphasis in original).  In the Eleventh Circuit, this means showing that an attorney acted "knowingly or recklessly." *Id.* (quoting *Schwartz v. Millon Air, Inc.*, 341 F.3d

---

[4]  A district court must comply with due process when imposing sanctions under its inherent power.  *Chambers*, 501 U.S. at 50.  Due process requires that either the party seeking sanctions or the court give the attorney notice that his or her conduct may warrant sanctions and why.  *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995).  And the court must give the attorney the opportunity to respond orally or in writing.  *Id.* at 1575-76.  Here, the Court did so.

1220, 1225 (11th Cir. 2003)). This is a "high standard" that requires the moving party to show that the other side's behavior "grossly deviate[d] from reasonable conduct." *Amlong*, 500 F.3d at 1240, 1242. An attorney must "knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Id.* at 1242.

GEICO has not demonstrated Plaintiffs' counsel's bad faith under either the statute or the Court's inherent power.[5] It urges the Court to infer objective bad faith, asking "why [Plaintiffs' counsel] filed the July 2020 amendment, why they filed the February 9, 2021 amendment, and why they filed the Rule 41 dismissal." (Doc. 73 at 13). In GEICO's view, the only possible explanation is that Plaintiffs' counsel is forum shopping "to attempt to divest this Court of jurisdiction and remand to state court. But at the same time, Plaintiffs' Counsel demanded GEICO proceed with discovery on claims they then abandoned." (Doc. 73 at 14). *See Absolute Activist*, 826 F. App'x at 879 (noting without discussion that proof of forum shopping could satisfy bad faith requirement sufficient to justify sanctions).

GEICO's argument lacks merit because in their proposed second amended complaint, Plaintiffs aimed to narrow the issues by abandoning their non-declaratory judgment claims rather than multiply the proceedings. Meanwhile, the parties proceeded with discovery despite GEICO's pending motion to dismiss because the Case Management Order required this. This decision to keep a foot on the gas despite proposing an amendment that dropped

---

[5] GEICO appears to conflate the subjective bad faith showing required for the Court to exercise its inherent power with the objective bad faith requirement of § 1927. GEICO cites case law discussing the scienter requirement of § 1927 only (Doc. 73 at 11-12). Regarding the Court's inherent power, there is no direct evidence of subjective bad faith, and GEICO does not argue otherwise. In the absence of direct evidence, the question becomes whether Plaintiffs' counsel's actions were so egregious they could only be committed in bad faith. *See Purchasing Power*, 851 F.3d at 1224-25. For the reasons explained *infra*, the answer is no.

all but one claim is not so objectively reckless that it is "tantamount to bad faith" under § 1927.[6]  *Schwartz*, 341 F.3d at 1225 (citation omitted); *see also Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010) ("objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly or malevolently") (internal citations and quotations omitted).  Plaintiffs' proposed amendment was seven months late, and its fate was uncertain – the Court had yet to rule on Plaintiffs' contested motion to file it when Plaintiffs dismissed their claims.[7]

This leads to the second reason GEICO's motion should be denied.  Although Plaintiffs filed their voluntary dismissal notice close on the heels of their motion to amend (and before the Court ruled on GEICO's dispositive motion), this was their unfettered right under Rule 41(a)(1)(A)(i).  The rule states: "[a] plaintiff may dismiss an action without a court order by filing [a] notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"  Fed. R. Civ. P. 41(a)(1)(A)(i).  And Rule 41(a)(1)(B) states:

---

[6] E-mails between counsel show that the insurer suggested that Plaintiffs' counsel pare down the upcoming depositions considering Plaintiffs' proposed amendment (Doc. 73-5 at 3).  But with the discovery deadline around the corner, Plaintiffs' counsel refused (*see* Doc. 73-4 at 2).  In fact, a few days before Plaintiffs filed their motion to amend, Plaintiffs' counsel asked for dates for GEICO's Rule 30(b)(6) deposition: "Thanks how are we doing on corp rep deposition[?]" (Doc. 73-3 at 2).  And, the same day, "Last favor get me corp rep dates please before all the MTC COME AND LET ADDRESS MEDIATION." (Doc. 73-7 at 4).

[7] On February 15 and 16, 2021, days before dismissing their case, Plaintiffs' counsel noticed the deposition of a GEICO claims adjuster and sent GEICO's counsel a revised list of Rule 30(b)(6) deposition topics and dates (Doc. 73-6, -7).  GEICO also points out that Plaintiffs' voluntary dismissal came one day after a district judge in the Eastern District of Michigan held a telephonic hearing on non-party J.D. Power's Rule 45 motion to quash GEICO's subpoena duces tecum in this case (*J.D. Power v. GEICO*, No. 2:21-mc-50063-MAG-EAS (E.D. Mich.; *see* Doc. 73-1 at 4).  That court did not hear the merits of the discovery dispute because J.D. Power's counsel did not have *pro hac vice* status (Doc. 74 at 8-9).  GEICO claims Plaintiffs' counsel knew at the hearing that they intended to dismiss the case the next day but chose to waste time and resources by keeping this information close to the vest.  But there is no evidence substantiating this accusation.

"[u]nless the notice or stipulation state otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Once GEICO opposed Plaintiffs' motion to amend, Plaintiffs exercised their right under Rule 41(a) because GEICO had not yet answered or moved for summary judgment.

The Eleventh Circuit's discussion of Rule 41(a)(1)(A)(i)'s purpose is instructive: it is "intended to preserve the plaintiff's ability to control the lawsuit early in the litigation and permits voluntarily dismissing the federal action without a court order and refiling a new action in state court." *Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020). The subsection is "frequently used in th[e] situation when a plaintiff, who is unwilling to prosecute the action in federal court, wishes to dismiss in order to start a new action in state court." *Id.* (quoting Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 2363 (3d ed. 2019)). Compare this to Rule 41(a)(2), which requires a plaintiff to first obtain a court order "on terms that the court considers proper" before dismissing a case if the defendant has answered or moved for summary judgment. Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) is "designed to protect defendants" and contemplates a district court conditioning a dismissal "on paying the opposing party's costs upon the refiling of the action." *Sargeant*, 951 F.3d at 1287.

This dovetails into Rule 41(d), which permits a court to assess the costs of the first action against "a plaintiff who previously dismissed an action in any court [who] refiles an action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d). According to the Eleventh Circuit, Rule 41(d) deters forum shopping and vexatious litigation. *See Sargeant*, 951 F.3d at 1288 (citing *Andrews v. America's Living Centers, LLC*, 827 F.3d 306, 309 (4th Cir. 2016)). Here, Plaintiffs litigated within the bounds of Rule 41(a)(1), which presumes the dismissal is without prejudice, a fact that weakens GEICO's argument

that Plaintiffs' conduct was sanctionable. *See Polaris Images Corp. v. Cable News Network, Inc.*, 365 F.Supp.3d 340, 342 (S.D. N.Y. 2019) (denying CNN's motion for sanctions because it had not answered or moved for summary judgment and questioning whether a Rule 41(a)(1)(A)(i) dismissal could ever constitute sanctionable conduct).

GEICO hypothesizes that Plaintiffs' proposed second amended complaint narrowed the claims to one declaratory judgment count to avoid federal jurisdiction. Even if this is correct, it is not sanctionable. GEICO points to its litigation history with Plaintiffs' counsel in another case, *Boderick v. GEICO Indemnity Co.*, 4:19-cv-158-MW/MJF (N.D. Fla., filed Mar. 8, 2019). *Boderick* was a putative class action filed by the same lead counsel that alleged declaratory judgment and breach of contract claims very similar to Plaintiffs' claims.[8] A month after GEICO removed the case and moved to dismiss it, the plaintiff moved to sever her declaratory judgment count and remand that count to state court (4:19-cv-158-MW/MJF at Doc. 24).[9] The parties settled the case before a ruling on the motion to sever or the motion to dismiss.

Plaintiffs also cite *Mack v. USAA Casualty Insurance Company*, 994 F.3d 1353 (11th Cir. 2021). Like *Boderick* and this case, *Mack* was a putative class action initially filed in state court

---

[8] GEICO emphasizes it "is not seeking to sanction Plaintiffs' Counsel's conduct in *Boderick*, but their *Boderick* conduct informs this Court as to their conduct in the instant action." (Doc. 73 at 13). The defendant in *Boderick* was a separate GEICO entity, GEICO Indemnity Co. For ease, the Court refers to the GEICO group of defendants collectively as GEICO, unless noted otherwise.

[9] The plaintiff cited an Eleventh Circuit opinion issued one day earlier, *A&M Gerber Chiropractic LLC v. Geico*, 925 F.3d 1205 (11th Cir. May 30, 2019). In *A&M Gerber*, the Eleventh Circuit vacated judgment and remanded the case to state court after finding the plaintiff lacked standing to pursue a declaratory judgment claim on behalf of the class, because GEICO had paid the plaintiff benefits in full, there was no claim for money damages, and no substantial likelihood the plaintiff would suffer future injury. *Id.* at 1216, n. 7.

and litigated by Plaintiffs' counsel, alleging similar claims involving an insured's calculation of total loss claims. *Id*. at 1355. In *Mack*, the Eleventh Circuit, citing its decision in *A&M Gerber*, 925 F.3d at 1215 (*see supra*), found the plaintiff lacked standing to pursue his declaratory judgment claims in federal court. 994 F.3d at 1357. The defendant-insurer had removed the case to federal court then moved to dismiss it. Meanwhile, the parties settled the plaintiff's title and license fee claims, mooting the damages claims. *Id*. Remaining were the plaintiff's claims for declaratory judgment. The *Mack* court stated:

> At this juncture, our job is to determine whether Mack has standing to pursue the claims that he has chosen to present in the complaint. And Mack chose to frame his claims as seeking prospective relief through requests for declaratory judgments; he specifically chose not to pursue damages for the retrospective harm that he has also arguably alleged. *It is no secret that, in doing so, Mack sought to avoid federal jurisdiction. But he has a right to do so.*

*Id*. (citation omitted) (emphasis added). The court then remanded the plaintiff's declaratory judgment claims to the district court with instructions to remand the claims to the state court from which they were removed. Here, like in *Mack*, Plaintiffs undoubtedly intended their proposed amended complaint to offer them a tactical advantage. But this, standing alone, is not bad faith forum shopping. *Cf. Christy v. NFL Alumni Ass'n*, No. 8:15-cv-2888-T-27MAP, 2016 WL 7394018, at * 1 (M.D. Fla. Dec. 21, 2016) (finding that plaintiff's decision to gain tactical advantage by pursuing claim in state court after a post-answer Rule 41(a)(2) dismissal is not forum shopping).

Also undercutting GEICO's forum-shopping accusation is that the Court could have ruled on GEICO's second motion to dismiss at any time in the months between when GEICO filed it and Plaintiffs voluntarily dismissed their case. GEICO had a dispositive motion pending nearly the entire length of this litigation. GEICO argues that Plaintiffs' claims "were unlikely to survive GEICO's Motions to Dismiss" (Doc. 73 at 15). But if Plaintiffs feared an

adverse ruling, they could have filed their Rule 41 dismissal much sooner. *Compare Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001) (finding that mere attempt to avoid adverse summary judgment ruling in and of itself not legal prejudice under Rule 41(a)(2) where there is no evidence of bad faith), *and Christy*, 2016 WL 7394018, at * 2 (same), *with Capitol Body Shop, Inc. v. State Farm Mutual Auto Ins. Co., et al.*, No. 6:14-cv-6000-GAP-TBS (M.D. Fla.), Docs. 134, 145 (awarding fees to GEICO under § 1927 and court's inherent power when plaintiffs re-filed claims in this judicial district that were adjudicated against them in the Southern District of Mississippi, and magistrate judge recommended dismissal in this district on claim preclusion grounds), *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018) (noting that court can consider defendant's apparent forum shopping in deciding sanctions issue when defendant stopped paying arbitrator after arbitrator ruled against him), *and Garcia v. FCA US, LLC*, No. 2:19-cv-12750, 2020 WL 2711556, at * 2 (E.D. Mich. May 26, 2020) (granting defendant's motion to transfer case and inferring forum shopping when plaintiff, represented by same counsel, filed same or similar case in second district after receiving unfavorable precedent in the first district).

Sanctions are not warranted against Plaintiffs' counsel because GEICO has not demonstrated bad faith under either the Court's inherent power or § 1927.

### III.  Conclusion

It is recommended:

**(1)**    Defendant's motion for attorneys' fees (Doc. 73) be **DENIED.**

**IT IS SO REPORTED** at Tampa, Florida on January 18, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### <u>NOTICE TO PARTIES</u>

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object under § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions in this Report and Recommendation.  11th Cir. R. 3-1.