UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRESANDRA DANIELS
and CHRIS PRECIOUS,
individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.                                                  Case No: 8:19-cv-2612-KKM-SPF

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

GEICO moves for attorney's fees as a sanction under 28 U.S.C. § 1927 and the Court's inherent power. (Doc. 73.) GEICO takes issue with Plaintiffs' two attempts to amend the Complaint, their pursuit of discovery, and their ultimate dismissal under Rule 41. (*Id.* at 1–3.) GEICO alleges that these acts vexatiously multiplied the proceedings and attempted to avoid federal court to refile the claims in state court. The Magistrate Judge recommended that the Court deny the motion. (Doc. 84.) GEICO timely objected to the Magistrate Judge's report. (Doc. 85.) For the reasons explained below, the Court agrees

with the Magistrate Judge, overrules the objections, and adopts the report and recommendation in full.

After a complete review, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a portion of the report, the district court must conduct a de novo review of that issue. *See* § 636(b)(1)(C). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (per curiam).[1]

The Magistrate Judge recommended that the Court deny GEICO's motion for attorney's fees as a sanction under § 1927 and the Court's inherent power because GEICO failed to supply sufficient evidence that Plaintiffs acted with bad faith—either the subjective bad faith required for sanctions under the Court's inherent power, or the objective bad faith required under § 1927. (Doc. 84 at 11.) GEICO raises two principal objections to the report: (1) it disregarded evidence of bad faith; and (2) it reasoned that

---

[1] Plaintiffs argue that the Magistrate Judge's report should be reviewed under a clear error standard. (Doc. 88 at 2–3.) The Court need not reach this issue since the Court agrees with the Magistrate Judge after a de novo review. If a more lenient standard of review—such as clear error—applied, the outcome would not change since the report is not "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

compliance with Rule 41 was not sanctionable conduct.[2] After a de novo review, the Court agrees with the Magistrate Judge.

First, GEICO argues that the Magistrate Judge failed to consider GEICO's evidence of bad faith. (Doc. 85 at 10.) The Court disagrees. The Magistrate Judge's detailed report did not ignore GEICO's evidence, the report simply found it wanting. So does this Court.[3] Contrary to GEICO's suggestions, it was not unreasonable or vexatious for Plaintiffs to seek remand to state court, to voluntarily dismiss to refile in another forum, or to pursue discovery during their time in federal court. These are normal litigation behaviors. And nothing about the timing, the judicial reassignment, or Plaintiffs' comments convincingly suggest otherwise. Put simply, Plaintiffs' efforts to return to state court—including amending the Complaint to eliminate federal claims and voluntary dismissal—do not reveal bad faith, either objective or subjective. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) (explaining that conduct must be "particularly egregious to warrant" sanctions under § 1927); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224–25 (11th Cir. 2017) (explaining that sanctionable conduct under the court's inherent power must exceed "simple recklessness").

---

[2] GEICO also claims that the report misapplied the legal standards. But GEICO admits that the Magistrate Judge stated those standards correctly. (Doc. 85 at 2.) At bottom, the objection of legal error is really that the report—from GEICO's perspective—did not reach the correct result.

[3] GEICO's objections reiterate the same facts and arguments raised in its motion. The Court finds it unnecessary to repeat the Magistrate Judge's ample response to GEICO's repeated arguments.

Accordingly, and as the Magistrate Judge explained, GEICO fails to carry its burden under § 1927 and the Court's inherent power.

Second, GEICO argues that the report erroneously concludes that technical compliance with Rule 41 precludes sanctions for Plaintiffs "needlessly dragging the litigation out" and for "forum shopping." (Doc. 85 at 8–9, 11.) GEICO misconstrues the Magistrate Judge's argument. The report concludes that Rule 41 gives plaintiffs a right to voluntarily dismiss. And that Rule 41 and the caselaw contemplate that a plaintiff may do so without prejudice, with the intent to refile elsewhere, and for a litigation advantage. *See* Fed. R. Civ. P. 41(a)(1)(B) (explaining that dismissal is presumptively without prejudice); *Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020) (recognizing that voluntary dismissal is "frequently used" when a plaintiff "wishes to dismiss in order to start a new action in state court"). Thus, it is not evidence of bad faith that Plaintiffs dismissed with intent to refile elsewhere. Just as 28 U.S.C. § 1441(a) gives defendants a right to remove to federal court, Rule 41 gives plaintiffs a right to dismiss their suits and file them again— and in a different court if they so choose. *See Sargeant*, 951 F.3d at 1287 (explaining that a plaintiff may refile the same claims in state court but may have to pay fees under Rule 41(d)). One is no more bad-faith forum shopping than the other.

Finally, GEICO's claim for sanctions under § 1927 fails for an independent reason. Section 1927 sanctions are available only for conduct that "multiplies the proceedings." *See*

28 U.S.C. § 1927. The Magistrate Judge reasoned that GEICO cannot claim sanctions because Plaintiffs' motions and dismissal did not multiply the proceedings. (Doc. 84 at 6.) Though this is an essential requirement for § 1927 sanctions, *see Peters v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997), GEICO does not address or contest the point.

In sum, and after a de novo review, the Court agrees with the Magistrate Judge. GEICO has not identified sufficient evidence of bad faith to merit sanctions under either the Court's inherent power or § 1927.

Accordingly, the following is **ORDERED:**

1. GEICO's Objections are **OVERRULED**. (Doc. 85.)

2. The Magistrate Judge's Report and Recommendation is **ADOPTED in full** and made a part of this Order for all purposes. (Doc. 84.)

3. GEICO's Motion for Attorney Fees is **DENIED**. (Doc. 73.)

**ORDERED** in Tampa, Florida, on February 18, 2022.

Kathryn Kimball Mizelle
United States District Judge

5